IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES NATHAN JOHNSON, )
)
    Petitioner, )
)
v. ) CASE NO. CV409-175
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 23), to which objections have been filed (Doc. 28). After a careful de novo review of the record, the Court concurs with the report and recommendation, which is **ADOPTED** as the Court's opinion in this case. Accordingly, Petitioner's 28 U.S.C. § 2255 Petition is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner argues that the Magistrate Judge incorrectly concluded that Petitioner's defense counsel communicated the Government's first plea offer to Petitioner. (Doc. 28 at 3-7.) In support of his position, Petitioner advances three arguments: (1) counsel conceded that he never conveyed Petitioner's rejection to the Government; (2) counsel's billing records contain no

explicit reference to review and consideration of the first plea offer; and (3) counsel's files contain no explicit reference that he communicated the first plea offer to Petitioner. However, after a careful review of the record in this case, this Court arrives at the same conclusion as the Magistrate Judge—counsel communicated the first plea offer to Petitioner, who summarily rejected it.

First, the fact that counsel did not relay Petitioner's rejection to the Government is not strong evidence that counsel failed to present the plea offer to Petitioner. Indeed, counsel testified at the evidentiary hearing that he did not inform the Government of Petitioner's rejection because he wanted to "keep [Petitioner's] options open." (Doc. 27 52:22-24.) In the Court's estimation, it is perfectly understandable that counsel would not inform the Government of Petitioner's outright rejection of a generous plea offer. Therefore, the Court concludes that this evidence is insufficient to show that counsel failed to present the Government's plea offer to Petitioner.

Second, counsel's billing records do not show that Petitioner was never informed of the plea offer. In support of his argument, Petitioner contends that the lack of explicit reference of the first plea offer in counsel's

2

billing records, when compared to the specific reference to the second plea offer, establishes that counsel failed to communicate the first plea offer to Petitioner. The Court, however, disagrees with the great weight Petitioner places on these differences. Counsel was not required to list on the billing records the exact content of each discussion he had with Petitioner. Indeed, counsel typically did not list the topics he discussed with Petitioner when entering time on his billing records. (Doc. 20, Ex. 12.) Furthermore, the billing records indicate that counsel conferred with Petitioner following the Government extending the first plea offer, at which time counsel recalls communicating this plea offer to Petitioner. After reviewing this evidence, the Court agrees with the Magistrate Judge and finds that this evidence does not establish that counsel failed to communicate the plea offer to Petitioner.

Finally, counsel's notes contain reference to the first plea offer sufficient enough to allow this Court to conclude that counsel communicated this plea offer to Petitioner. Similar to the billing records, Petitioner argues that the lack of reference in the notes to either counsel communicating the plea offer to him or Petitioner rejecting the offer indicates that Petitioner was never

3

told about the existence of the offer. However, Petitioner's argument, once again, goes too far. There is also no reference in the notes that either counsel communicated or Petitioner rejected the second plea offer. It appears that this information was just not something that counsel kept record of in his personal notes regarding this case.

Beyond Petitioner's arguments, it is difficult for this Court to credit Petitioner's claim that he was never informed of the first plea offer in light of Petitioner's prior testimony and habeas petition. For example, Petitioner now claims, contrary to counsel's testimony, that Petitioner consistently told counsel that he was guilty of the alleged crimes. Yet, Petitioner waited until the eve of trial to enter a guilty plea. Also, at a hearing in his criminal case concerning counsel's representation, Petitioner strenuously complained that counsel was not representing his best interests because counsel continued to recommend "copping out to a lesser charge." (CR408-021, Doc. 57 8:24-24.) The Court finds Petitioner's argument that his statement referred only to an armed robbery charge in state court particularly specious because Petitioner acknowledged during the same hearing that those charges had already been dismissed by

4

the state. (Id. 12:25 to 13:5.) In short, Petitioner's present claim that he was only speaking of pleading to the state armed robbery charge during that hearing is absurd in light of the fact that he testified that the armed robbery charge had been dismissed, placing the veracity of his testimony and allegations in considerable doubt.

Lastly, Petitioner's own habeas petition indicates that counsel informed him of the first plea offer. The first plea offer was extended on April 4, 2008. (Doc. 20, Ex. 2.) On April 11, 2008, the Magistrate Judge held a hearing concerning Petitioner's motion to replace counsel. (CR408-021, Doc. 25.) The second plea offer was extended on May 6, 2008. (Doc. 20, Ex. 3.) Yet, Petitioner contends in his habeas petition that counsel informed him on the day of the hearing "that the only deal available was the 5 years to life sentence," which was the possible sentence based on the second plea offer. (Doc. 1 at 15.) However, the Government did not extend that offer to Petitioner for another four weeks. Indeed, the only offer available to Petitioner at that time was the Government's first plea offer. Based on the habeas petition, therefore, it appears that counsel discussed a plea offer with Petitioner on or before the April 11, 2008 hearing. But, the only plea offer in existence at that time was the first

plea offer. This, yet again, leads the Court to have serious reservations concerning Petitioner's creditability. In any event, after a thorough review of the record, the Court arrives at the same conclusion contained in the report and recommendation—counsel communicated the first plea offer to Petitioner, who summarily rejected it. Accordingly, the Court concurs with the Magistrate Judge that the habeas petition must be **DENIED**.

SO ORDERED this 22ND day of April 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA